## 76027. THOMAS v. THE STATE.
(366 SE2d 177)

DEEN, Presiding Judge.

A Valdosta, Georgia, police officer received a report of the robbery of a convenience store and proceeded to the area to investigate. As he drove down a street near the store, he saw a person generally resembling the description of the robber as to race, build, and clothing. He stopped his car and approached the suspect, appellant Thomas, who thrust his hand into his pocket and began to back away. The officer, apprehensive that Thomas might be reaching for a weapon, drew his gun. With the assistance of other officers who ar-

rived on the scene at just about that time, he conducted a pat-down search for weapons; in order to do so, it was necessary forcibly to remove the suspect's hand from his pocket, and as the officers did so, a soft drink can fell to the sidewalk. It was pressed in and punctured in a manner that, as the officer's experience in dealing with drug suspects had taught him, was employed by drug users to adapt the can for "crack" cocaine. Further search of the suspect's pockets revealed the presence of a small quantity of cocaine, and Thomas was arrested and charged with possession of cocaine. After denial of his motion to suppress, appellant waived his right to a jury trial, and a Lowndes County judge found him guilty as charged. On appeal he enumerates as error the denial of his motion to suppress and the introduction into evidence of the cocaine found during the search. *Held*:

Our examination of the record, including the transcripts of both the trial and the hearing on the motion to suppress, reveals that the investigating officers had probable cause to conduct a pat-down search. Therefore, the evidence was admissible and there was no justification for the granting of the motion to suppress. See, e.g., *Starr v. State*, 159 Ga. App. 386 (283 SE2d 630) (1981). We find no error in the proceedings below.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 3, 1988 —
REHEARING DENIED FEBRUARY 16, 1988 — 

*M. E. Thompson, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.